UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER SMITH,**

    **Plaintiff,**

vs.                                                                         Case No.

**VITTORIA CONDOMINIUM
ASSOCIATION, INC.,
WESTCOAST MANAGEMENT
& REALTY, INC.
ALLIANCE PROPERTY MANAGEMENT
SOLUTIONS,
ROGER BEAR, and MARY BEAR,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CHRISTOPHER SMITH ("Plaintiff" or "Mr. Smith"), by and through the undersigned counsel, hereby sues Defendants VITTORIA CONDOMINIUM ASSOCIATE, INC., WESTCOAST MANAGEMENT & REALTY, INC., ALLIANCE PROPERTY MANAGEMENT SOLUTIONS, LLC, ROGER BEAR, and MARY BEAR (collectively "Defendants") and alleges as follows:

**NATURE OF ACTION; JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. §1981 and for tortious interference with an advantageous business relationship.

2. This action is for discrimination in employment, based on Plaintiff's race.

3. The Court has jurisdiction of the claim under 28 U.S.C. §§1331 and 1337.

4. The Middle District of Florida, Tampa Division, is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

5. This Court has jurisdiction over this matter as this matter involves a federal question based upon 42 U.S.C. §1981.

## PARTIES

6. At all times relevant hereto, Plaintiff, a black male, has resided in and is a resident of Pinellas County, Florida.

7. The Vittoria Condominiums are a luxury 15-unit condominium building located on the beach in Treasure Island, Florida.

8. Defendant Vittoria Condominium Association, Inc., ("Vittoria Condominium Association") is a Florida not for profit corporation associated with a luxury 15 unit condominium building called the Vittoria Condominiums located on the beach in Treasure Island, Florida.

9. Defendant Westcoast Management & Realty, Inc. ("Westcoast Management & Realty") is a Florida, for profit corporation, conducting

business in Pinellas County and providing property management services to Vittoria Condominiums.

10. Defendant Alliance Property Management Solutions, LLC, ("Alliance Property Management Solutions") is a Florida Limited Liability Corporation, conducting business in Pinellas County, Florida and providing cleaning and maintenance services to Vittoria Condominium Association and Westcoast Management & Realty at the Vittoria Condominiums.

11. Roger Bear was the treasurer of the Vittoria Condominium Association, Inc. and a resident of the Vittoria Condominiums.

12. Roger Bear and Mary Bear were the owners of a unit at the Vittoria Condominiums.

13. Mary Bear was a resident of the Vittoria Condominiums.

## FACTUAL ALLEGATIONS

14. At all times relevant to this Complaint, Mr. Smith was employed by Alliance Property Management Solutions to provide cleaning and maintenance services to its clients.

15. In February 2022, after the employment of the prior interior cleaner was terminated, Mr. Smith was approached by Michael Pompeo of Alliance Property Management Solutions and asked if he would be willing to clean the public interior of the Vittoria Condominiums.

16. Mr. Smith accepted the offer and on or about February 2022 entered into an oral contract with Mike Pompeo on behalf of Vittoria Condominiums to clean the public interior spaces of the Vittoria Condominiums in exchange for compensation.

17. Mr. Smith performed his interior cleaning duties outstandingly well.

18. Despite Mr. Smith's outstanding performance, Roger Bear and Mary Bear, residents of the Vittoria Condominiums, were upset by having an African American man in the building because of his race and gender.

19. This was expressed to Mike Pompeo who stated that Roger Bear and Mary Bear were unhappy with the presence of an African-American man, Mr. Smith, in the building.

20. In addition, despite the fact that he was in uniform and obviously engaged in cleaning the building, Mary Bear confronted Mr. Smith and demanded to know what he was doing there.

21. In March 2022, Roger Bear, acting on his own and on behalf of the Vittoria Condominium Association, instructed Westcoast Management & Realty and Alliance Property Management Solutions to terminate Mr. Smith's interior cleaning contract because of the fact that they were "not comfortable having a black man clean their building."

22. This termination was done because of Mr. Smith's race and gender and denied Mr. Smith "the same right … to make and enforce contracts … as is enjoyed by white citizens," in violation of 42 U.S.C. 1981.

23. Westcoast Management & Realty and Alliance Property Management Solutions honored the request of Roger Bear to terminate the agreement of Mr. Smith to perform cleaning duties

24. In addition, these actions represent a tortious interference with Mr. Smith's business relationships with Alliance Property Management Solutions because they denied him the opportunity to earn additional income because of an improper reason.

## COUNT ONE

### 42 U.S.C. 1981 AGAINST VITTORIA CONDOMINIUM ASSOCIATION, WESTCOAST MANAGEMENT & REALTY, ALLIANCE PROPERTY MANAGEMENT SOLUTIONS, ROGER BEAR, and MARY BEAR

25. Plaintiff incorporates the allegations of paragraphs 1-24 as if fully set forth herein.

26. 42 U.S.C. 1982 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

27. Defendants violated 42 USC 1981 which prohibits discrimination in the terms and conditions of contracts and employment because of race.

28. Plaintiff had a contractual relationship for the interior cleaning of the Vittoria Condominiums.

29. Defendants terminated Plaintiff's contractual relationship for the interior cleaning.

30. Plaintiff's race was a motivating factor that prompted this action.

31. Plaintiff has suffered damages as a result of the termination of this contractual relationship.

## COUNT TWO

### TORTIOUS INTERFERENCE AGAINST ROGER BEAR and MARY BEAR

32. Plaintiff incorporates the allegations of paragraphs 1-24 as if fully set forth herein.

33. A valid contract existed between Plaintiff and Alliance Property Management Solutions.

34. Defendants Roger Bear and Mary Bear knew of the contract.

35. Defendants Roger Bear and Mary Bear took actions intended to induce a breach or disruption of the contract by instructing Westcoast Management & Realty and Alliance Property Management Solutions to terminate Mr. Smith's interior cleaning contract because of the fact that they were "not comfortable having a black man clean their building."

36. There was no legal justification for the actions of Defendants Roger Bear and Mary Bear.

37. Plaintiff has suffered damages as a result of the actions of Defendants Roger Bear and Mary Bear.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of Florida;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' discriminatory, retaliatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and

       future income, wages, compensation, job security and other benefits of employment;

E.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G.   An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H.   An award of punitive damages;

I.   An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J.   Such other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ryan D. Barack
**Ryan D. Barack**
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff